UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID LEE HARMON,

      Plaintiff,

v.                                                    Case No.:  2:20-cv-179-FtM-38NPM

INTERNAL AFFAIRS DIVISION FOR
CHARLOTTE COUNTY SHERIFF'S
OFFICE,

      Defendant.
_____/

## **OPINION AND ORDER**[1]

Plaintiff, an inmate in the Charlotte County Jail, instituted this action by filing a *pro se* Civil Rights Complaint under 42 U.S.C. § 1983 of the Court's approved form on March 23, 2020. (Doc. 1). Plaintiff seeks to proceed i*n forma pauperis* on his Complaint. (Doc. 2). Because the Court finds the Complaint subject to dismissal without prejudice for abuse of the judicial process and under 28 U.S.C. § 1915A, the Court will not grant Plaintiff *in forma pauperis* status nor assess the $350.00 filing fee under 28 U.S.C. § 1915(b)(1).

      A.      Dismissal Without Prejudice for Abuse of the Judicial Process

Plaintiff executed the civil rights complaint form under penalty of perjury (Doc. 1 at 7). Section III of the form requires prisoners to disclose information regarding previous lawsuits (Doc. 1 at 1-2). Specifically, it asks whether Plaintiff has "initiated other lawsuits

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

in federal court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof ?" (*Id.* at ¶ B.). In response to the question Plaintiff checked "no." (*Id.*). Plaintiff then answered "N/A" in response to the questions asking Plaintiff to identify any additional lawsuits. (*Id.* at ¶ B 1-7).

The Court takes judicial notice that before commencing this action, Plaintiff has filed these cases in the Middle District of Florida: 2:20-cv-79-FtM-SPC-NPM, filed February 18, 2020; 2:20-cv-154-FtM-TPB-MRM, filed March 5, 2020; 2:20-cv-155-FtM-JES-MRM, filed March 5, 2020, and 2:20-cv-165-FtM-JES_MRM, filed March 11, 2020. Contrary to Plaintiff's sworn responses, he had filed another lawsuit in federal court related to "imprisonment or conditions thereof".

The inquiry concerning a prisoner's prior lawsuits is not a matter of idle curiosity—nor is it an effort to raise meaningless obstacles to a prisoner's access to the courts. Rather, the existence of prior litigation initiated by a prisoner is required for the Court to apply 28 U.S.C. § 1915(g) (the "three strikes rule" applicable to prisoners proceeding *in forma pauperis*). And it has been the Court's experience that a significant number of prisoner filings raise claims or issues already raised in prior litigation. Identification of that prior litigation frequently enables the Court to dispose of the successive case without further expenditure of finite judicial resources.

Plaintiff's failure to disclose and truthfully describe previous lawsuits required on the Court's prisoner civil rights complaint form warrants dismissal for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, 414 F. App'x 221, 225 (11th Cir. Feb. 10, 2011). In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's

civil rights complaint that did not disclose a previous lawsuit. The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir. 1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed. R. Civ. P. 11(c). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S. Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

Id. Failing to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal.

The complaint form asks whether Plaintiff had filed other lawsuits "relating to your imprisonment or conditions thereof." (Doc. 1 at 2). The Court finds Plaintiff's denial and failure to disclose his previous lawsuits, under penalty of perjury, constitutes an abuse of the judicial process. *See Rivera v. Allin,* 144 F.3d 719, 731 (11th Cir. 1998). An appropriate sanction for such abuse of the judicial process is the dismissal without prejudice. *Id.*

B.      Dismissal Without Prejudice Under 28 U.S.C. § 1915A

Plaintiff's status as a prisoner seeking to proceed *in forma pauperis* mandates the Court to conduct a frivolity screening to determine whether the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or, alternatively "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b)(requiring court to review "before docketing, if feasible" a prisoner complaint and identify cognizable claims or dismiss the complaint); *see also* 28 U.S.C. §

1915(e)(2)(permitting court to dismiss a case at any time notwithstanding that any filing fee has been paid). The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). *See Leal v. Ga. Dep't of Corr.,* 254 F.3d 1276, 1278-79 (11th Cir. 2001)(per curiam). While a complaint need not provide detailed factual allegations, there "must be enough to raise a right to relief above the speculative level," and the complaint must contain enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). In making the above determinations, all factual allegations in the complaint must be liberally construed and accepted as true. *Leib v. Hillsborough Cty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1305 (11th Cir. 2009).

The Complaint names the "Internal Affairs Division" as the sole defendant. To the extent discernable, Plaintiff claims that despite his unspecified grievances against unidentified deputies, he has not been contacted by the Internal Affairs Division ("IAD") of the Charlotte County Sheriff's Office. *See generally* Doc. 1 at 5-6.

At the outset, IAD is not a "person" for § 1983. *See Dean v. Barber*, 952 F.2d 1210, 1214 (11th Cir. 1995); *see also Garcia v. Miami Beach Police Dep't Internal Affairs Div.*, No. 07-23237-CIV, 2007 WL 9711469, at *2 (S.D. Fla. Dec. 28, 2007). Because the IAD is not a person and is not *sui juris*, the Complaint fails to state a claim for relief. *Silberman v. Miami Dade Trust*, 927 F.3d 1123, 1132 (11th Cir. 2019). Plaintiff's allegations related to his grievances having not been investigate does not raise constitutional violations. *See e.g. Bingham v. Thomas*, 654 F. 3d 1171, 1177 (11th Cir. 2011)(no constitutional entitlement to grievance procedure). To the extent Plaintiff seeks to have any deputies prosecuted for their alleged unspecified acts, under federal law,

Plaintiff as a private citizen "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

In certain circumstances, a *pro se* litigant must be given an opportunity to amend his complaint. *See Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004) (finding "[b]ecause [plaintiff] filed his motion to amend before the district court dismissed his complaint and before any responsive pleadings were filed, [plaintiff] had the right to amend his complaint under Rule 15(a)."); *see also Troville v. Venz*, 303 F.3d 1256, 1260 (finding "no error" in district court's *sua sponte* dismissal but because plaintiff requested leave to amend before dismissal court should have granted leave); *Bryant v. Dupree*, 252 F.3d 1161, 1163-64 (11th Cir. 2001) (finding district court's denial of motion to amend in response to motion to dismiss improper). Plaintiff does not seek to amend his complaint and the Court finds any amendments on the facts alleged would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Because the Court is dismissing this case *without prejudice*, Plaintiff may file a new complaint if he believes he can state a viable claim under 42 U.S.C. § 1983 stemming from these facts against a "person" subject to suit. Plaintiff, however, must file it in a new action.

Accordingly, it is hereby **ORDERED:**

1. Plaintiff's Civil Rights Complaint (Doc. 1) is **DISMISSED without prejudice for abuse of the judicial process and under 28 U.S.C. § 1915A(b)(1)**. Such dismissal counts as a "strike" for the three-strikes provision of 28 U.S.C. § 1915(g).

2. The **Clerk** shall enter judgment, terminate any pending motions and close this file.

3. The **Clerk** shall provide Plaintiff with a blank civil rights complaint, affidavit of indigency form and prisoner consent form for Plaintiff's use should he wish to file a new action.

**DONE** and **ORDERED** in Fort Myers, Florida this 2nd day of April 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record